Michael D. Mortenson, State Bar No. 247758
  mmortenson@mortensontaggart.com
Stephen H. Dye, State Bar No. 104385
  sdye@mortensontaggart.com
Richard May, State Bar No. 234684
  rmay@mortensontaggart.com
**MORTENSON TAGGART ADAMS LLP**
Two Walnut Creek Center
200 Pringle Avenue, Suite 450
Walnut Creek, CA 94596
Telephone: (925) 771-3143
Facsimile: (925) 664-0357

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GIRON ROBLES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-00489-RGK-PD<br><br>District Judge:<br>*The Hon. R. Gary Klausner, Ctrm. 850*<br>Magistrate Judge:<br>*The Hon. Patricia Donahue, 580*<br><br>**DECLARATION OF ZAHIYYA DODSON IN SUPPORT OF DEFENDANT NISSAN NORTH AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES PURSUANT TO F.R.C.P. RULE 56**<br><br>*Filed Concurrently:*<br>Notice & Motion for Summary Judgment; Memorandum of Points and Authorities; Declaration of Stephen H. Dye; and Statement of Uncontroverted Facts<br><br>Date: August 12, 2024<br>Time: 9:00 a.m.<br>Ctrm.: 850<br><br>Action Filed: June 28, 2023<br>Trial Date: October 1. 2024 |

Case No. 2:24-cv-00489-RGK-PD

DECLARATION OF ZAHIYYA DODSON ISO DEFENDANT NISSAN'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES [FRCP, RULE 56]

MORTENSON
TAGGART
ADAMS LLP

# DECLARATION OF ZAHIYYA DODSON

I, ZAHIYYA DODSON, declare as follows:

1.    I am an Arbitration Specialist in Defendant Nissan North America's Dispute Resolution Programs.   I have personal knowledge of the facts set forth herein.  If called as witness, I could and would competently testify to the matters stated herein.

2.    On July 6, 2023, I sent a letter on behalf of Nissan North America, Inc, ("NISSAN") to Frank Giron Robles, a true and correct copy of which is attached hereto as **Exhibit 1.**

3.    In the letter, NISSAN "offers to repurchase or replace" Mr. Robles' 2022 Nissan Rogue, Vehicle Identification Number (VIN) 5N1BT3BAONC704062, "to comply with the Song-Beverly Consumer Warranty Act."

4.    My July 6, 2023 letter to Mr. Robles advised him that, in order to coordinate the repurchase/replacement of his Nissan Rogue, Nissan needed certain information from Mr. Robles. The information needed by Nissan is spelled out in the letter. Mr. Robles did not respond to my letter.

5.    I sent my July 6, 2023 letter to Mr. Robles before I was aware that he had an attorney and had already filed suit.

6.    On or about July 10, 2023, I learned that Mr. Robles had filed suit and was represented by Kevin Jacobson of Quill & Arrow LLP.  On July 10, 2023, I sent a letter to attorney Jacobson reiterating Nissan's offer to repurchase the vehicle "under CA lemon law." A true and correct copy of my July 10, 2023 letter to attorney Jacobson is attached hereto as **Exhibit 2**. Mr. Jacobson did not respond to my letter.

7.    One week later, on July 17, 2023, I sent an email to the Quill & Arrow e-service address requesting a response to Nissan's repurchase offer. A true and correct copy of my July 17, 2023 email is attached hereto as **Exhibit 3**. Quill & Arrow did not respond to my email.

8.    On July 24, 2024, I sent another follow-up email to counsel at the

-1-    Case No. 2:24-cv-00489-RGK-PD

MORTENSON TAGGART ADAMS LLP

Quill & Arrow e-service address requesting a response to Nissan' repurchase offer. A true and correct copy of my July 24, 2023 email is attached hereto as **Exhibit 3** Counsel did not respond to the email.

9.  I first became involved in the review of Plaintiff's request for repurchase of his vehicle on or about June 30, 2023, and conveyed Nissan's repurchase offer to Mr. Robles six days later.

10.  Nissan's case file reflects that Nissan customer service first contact with Mr. Robles regarding his vehicle was when he called Nissan on June 19, 2023.  At that point, in the ordinary course of business, Nissan created a case file #49078146. Customer relations representative Khushboo Parekh took the call and in the ordinary course of business contemporaneously  wrote down in the case file the information provided by Mr. Robles, including that he said the vehicle is a "lemon" and wants NNA to look into this." Mr. Robles also advised that he had an appointment with the dealer the following morning at 9:30 a.m.  Mr. Robles was advised to call back after the appointment with the diagnostic report. A true and correct copy of the notes in case file #49078146 are attached hereto as **Exhibit 4. (*See* pp. 1-2 of 8.)**

11.  The case file (**Exhibit 4, p. 3 of 8**) reflects that the next contact with Mr. Robles was on June 26, 2023, when he called and said he had been advised to call Nissan back after he got the vehicle back from the dealership to proceed with his buyback request. Mr. Robles conveyed that he had the diagnosis and provided the name of the dealership's service advisor. The customer relations representative Ahmed ElHalaby documented Mr. Robles's stated concerns in the case file and advised him that a Nissan representative would contact him the following day.

12.  The next day, June 27, 2023, the case file (**Exhibit 4, pp. 4-5 of 8**) shows that customer relations representative Alexandra Binkley called and emailed the dealership to obtain information about the status of the vehicle. She also placed a call to Mr. Robles and advised him that the case had been escalated for review and resolution. The case notes reflect that Ms. Binkley advised Mr. Robles that the review

-2-   Case No. 2:24-cv-00489-RGK-PD

DECLARATION OF ZAHIYYA DODSON ISO DEFENDANT NISSAN'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES [FRCP, RULE 56]

process can take up to 10 business days to complete, but that she would follow up with him in three days on June 30, 2023.

13.     On June 30, 2023, after obtaining pertinent information from the dealership regarding the repair history, Ms. Binkley called Mr. Robles and advised him that Nissan was still reviewing the case and that a representative would follow up with him with any updates on the case on July 7, 2023. (**Exhibit 4, pp. 6-7 of 8.**) Mr. Robles did not advise Nissan that he had already filed suit on June 28, 2023.

14.     As noted above, the case was assigned to me for review on June 30, 2023. I reviewed the case notes and the repair and warranty history.

15.     After completing my review, on July 6, 2023, I made the written offer to Mr. Robles on behalf of Nissan to repurchase the vehicle and requested information needed to coordinate the repurchase if he wanted to complete the repurchase of his vehicle. (*See* **Exhibit 1.**) Mr. Robles did not respond to the July 6, 2023, repurchase offer, and his attorney did not respond to the same offer that I sent to counsel on July 10, 2023. (*See* **Exhibit 2.**)

16.     Nissan participates in the Better Business Bureau's ("BBB") Auto Line Program. In 2023, the BBB Auto Line Program was certified by the California Department of Consumer Affairs as a qualified third party resolution process for claims brought under Song-Beverly.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on July 15, 2024.

/s/ *Zahiyya Dodson*
ZAHIYYA DODSON

-3-     Case No. 2:24-cv-00489-RGK-PD

MORTENSON TAGGART ADAMS LLP

DECLARATION OF ZAHIYYA DODSON ISO DEFENDANT NISSAN'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES [FRCP, RULE 56]