UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00489-RGK-PD | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Frank Giron Robles v. Nissan North America, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion for Summary Judgment [DE 21]

## I.     INTRODUCTION

On June 28, 2023, Frank Giron Robles ("Plaintiff") filed a Complaint against Nissan North America, Inc. ("Defendant") in Los Angeles County Superior Court, alleging various violations of the Song-Beverly Consumer Warranty Act (the "SBA"), Cal. Civ. Code §§ 1790, *et seq*. (ECF No. 1-2.) On January 18, 2024, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.)

Presently before the Court is Defendant's unopposed Motion for Summary Judgment. (ECF No. 21.) For the following reasons, the Court **GRANTS** the Motion **in part.**

## II.    FACTUAL BACKGROUND

Because Plaintiff has not opposed the Motion, the following facts are undisputed:

On July 30, 2022, Plaintiff purchased from Cerritos Nissan (the "Dealership") a 2022 Nissan Rogue (the "Vehicle") manufactured by Defendant. (Dye Decl., Ex. B (hereinafter "Pl.'s Disclosures") at 12, ECF No. 21-4.) Over the next eleven months, Plaintiff brought the Vehicle back to the Dealership three times for repairs. (*Id.* at 14–24.) Each time, Plaintiff complained about the check engine light turning on and the Vehicle losing power and acceleration. (*Id.*) Not once did the Dealership's repair technician see the check engine light on or find any power or acceleration issues, however. (*Id.*)

On June 19, 2023, the day before his third visit, Plaintiff called Defendant's customer service, asserting he had bought a "lemon" and demanding that Defendant repurchase the Vehicle. (Dodson Decl., Ex. 4 at 2–3, ECF No. 21-11.) Defendant asked Plaintiff to provide an update after the third visit. (*Id.* at 3.) Plaintiff complied. (*Id.* at 4.) On June 27, 2023, Defendant informed Plaintiff that his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00489-RGK-PD | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Frank Giron Robles v. Nissan North America, Inc.* | | |

repurchase request was under review, though the process could take up to ten business days to complete. (*Id.* at 5–6.) Rather than waiting, Plaintiff filed the instant action the next day. (Compl. at 4.)

On July 6, 2023, unaware of this lawsuit, Defendant sent Plaintiff a letter offering to repurchase or replace the Vehicle. (Dodson Decl., Ex. 1 at 2, ECF No. 21-8.) That same day, Defendant received a demand from Plaintiff's counsel to "[c]ease all further communications with [Plaintiff]." (Dye Decl., Ex. C at 2, ECF No. 21-5.) Defendant informed Plaintiff's counsel about its offer and thereafter sent counsel multiple emails requesting a response. (Dodson Decl., Ex. 3 at 2–3, ECF No. 21-10.) Neither Plaintiff nor counsel ever responded. (Dodson Decl. ¶ 15, ECF No. 21-7.)

As an aside, Defendant participates in the Better Business Bureau's ("BBB") Auto Line Program, a service used by vehicle owners with warranty disputes. (*Id.* ¶ 16.) The California Department of Consumer Affairs ("DCA") has certified the Auto Line Program as an SBA-compliant "qualified third-party resolution process." (*Id.*)

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56(a), a court may grant summary judgment only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Upon such a showing, the Court may grant summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a).

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Celotex*, 477 U.S. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

While a Court may not grant a summary judgment motion merely because it is unopposed, summary judgment is warranted on an unopposed motion if the moving party meets the threshold "burden of demonstrating the absence of triable issues." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

### IV. DISCUSSION

Plaintiff asserts three claims under the SBA: (1) breach of express warranty, (2) breach of implied warranty, and (3) violation of California Civil Code Section 1793.2(b). With respect to the first and third claims, Plaintiff seeks civil penalties as well as damages. Defendant moves for summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00489-RGK-PD | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Frank Giron Robles v. Nissan North America, Inc.* | | |

judgment on all three claims and, alternatively, on Plaintiff's request for civil penalties. The Court begins by evaluating the claims.

    **A.**    <u>**SBA Claims**</u>

Defendant ropes Plaintiff's three claims together in an attempt to defeat them in one fell swoop. Defendant argues that it is entitled to summary judgment on all claims for one reason—it offered to repurchase or replace the Vehicle. However, because the three claims involve differing elements, the Court addresses each claim separately.

        1.    <u>*Breach of Express Warranty*</u>

Plaintiff's first claim is for breach of express warranty. Under the SBA, if a car manufacturer cannot repair its vehicle to conform to express warranties after a reasonable number of attempts, the manufacturer must promptly repurchase or replace the vehicle. Cal. Civ. Code § 1793.2(d)(2). To prevail, Plaintiff must establish "that (1) his vehicle had defects that affected the use, value or safety of the vehicle that [Defendant] could not repair to conform to the applicable warranty after a reasonable number of repair attempts, and (2) . . . that [Defendant] did not promptly offer to repurchase or replace Plaintiff's vehicle." *Herrera v. Ford Motor Co.*, 2022 WL 562267, at *4 (C.D. Cal. Feb. 24, 2022). Although there is no bright-line rule to determine when an offer is prompt, courts generally hold that an offer made within fifty days of a repurchase or replacement demand is prompt. *See De Leon v. Ford Motor Co.*, 2019 WL 7195325, at *6 (C.D. Cal. Nov. 13, 2019) (collecting cases).

Defendant argues that the undisputed evidence shows Plaintiff cannot meet the second prong: that Defendant failed to make a prompt offer to repurchase or replace. The Court agrees. Plaintiff made his repurchase demand on June 19, 2023. Defendant offered to repurchase or replace the Vehicle on July 6, 2023, just seventeen days later. This span is sufficiently short as to render the offer "prompt" as a matter of law. Accordingly, the Court **GRANTS** summary judgment in favor of Defendant on the breach of express warranty claim.

        2.    <u>*Breach of Implied Warranty*</u>

Plaintiff also asserts a claim for breach of implied warranty. In California, every sale of a car includes an implied warranty of merchantability. Cal. Civ. Code § 1792. To succeed on this claim, Plaintiff must show that "at the time of purchase the [Vehicle] did not possess even the most basic degree of fitness for ordinary use." *De Leon*, 2019 WL 7195325, at *6 (citing *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)) (internal quotation marks omitted). Because liability attaches at the moment of sale, a manufacturer cannot escape liability by offering to repurchase or replace a defective vehicle. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00489-RGK-PD | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Frank Giron Robles v. Nissan North America, Inc.* | | |

Defendant do not address whether the Vehicle was merchantable at the time of sale. As mentioned above, Defendant argues only that it offered to repurchase or replace the Vehicle. Without a relevant argument addressing this claim, Defendant has not established that it is entitled to judgment as a matter of law. Accordingly, the Court **DENIES** summary judgment on the breach of implied warranty claim.

   3. *Violation of Section 1793.2(b)*

Lastly, Plaintiff asserts a claim for violation of Section 1793.2(b), a statute requiring manufacturers to repair their vehicles "so as to conform to the applicable warranties within 30 days." Cal. Civ. Code § 1793.2(b). The 30-day window applies to each single repair attempt, not all attempts in the aggregate. *Schick v. BMW of N. Am., LLC*, 801 F. App'x 519, 521 (9th Cir. 2020); *Wiles v. Ford Motor Co.*, 2024 WL 3305866, at *4–5 (C.D. Cal. Mar. 11, 2024).

Based on the current record, Plaintiff's Section 1793.2(b) claim appears dubious at best, as there is no indication that the repair attempts were prolonged. Nevertheless, because Defendant does not address as to whether the 30-day window was breached, Defendant is not entitled to summary judgment on this claim. Accordingly, the Court **DENIES** summary judgment on the Section 1793.2(b) claim.

Because the Section 1793.2(b) claim survives, the Court analyzes Plaintiff's request for civil penalties with respect to this claim.

  **B.** **Civil Penalties**

If a manufacturer violates Section 1793.2(b), a vehicle buyer "may recover a civil penalty of up to two times the amount of damages." Cal. Civ. Code § 1794(e)(1). But no penalty shall attach if the manufacturer maintains a "qualified third-party dispute resolution process which substantially complies with Section 1793.22." *Id.* at § 1794(e)(2). Courts in this district have routinely held that one such process is the BBB's Auto Line Program. *See, e.g.*, *Gezalyan v. BMW of N. Am., LLC*, 2009 WL 10674231, at *2 (C.D. Cal. July 15, 2009); *Rupay v. Volkswagen Grp. of Am. Inc.*, 2012 WL 10634428, at *7 (C.D. Cal. Nov. 15, 2012). Moreover, the Auto Line Program has been certified as a qualified third-party resolution process by the DCA, the state agency tasked with certifying arbitration programs.

Here, the undisputed the evidence shows Defendant participates in the BBB's Auto Line Program. (Dodson Decl. ¶ 16.) Plaintiff is therefore not entitled to civil penalties as a matter of law. Accordingly, the Court **GRANTS** summary judgment in favor of Defendant with respect to Plaintiff's request for civil penalties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00489-RGK-PD | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Frank Giron Robles v. Nissan North America, Inc.* | | |

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Summary Judgment with respect to the breach of express warranty claim and the request for civil penalties. The Court **DENIES** the Motion in all other respects.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |